IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>　　　　　　Defendant. | Case No. CV F-02-5064 JKS<br><br><br>O R D E R |

　　　　Lion Raisins, Inc. ("Lion") sought materials from the United States Deptartment of Agriculture ("USDA") under the Freedom of Information Act ("FOIA"). The Court denied the requests, Docket No. 27, and Lion appealed. On appeal the Ninth Circuit affirmed in part and reversed in part. *See Lion Raisins, Inc. v. U.S. Dept. of Agric.*, 354 F.3d 1072 (9th Cir. 2004). The Ninth Circuit remanded a single issue to this Court for further proceedings, namely whether the USDA may shield two investigatory reports termed by the parties the Agricultural Marketing Services Report ("AMS") and the Office of Inspector General Report ("OIG") under the law enforcement exception to the FOIA. *See* 5 U.S.C. § 552 (b)(4), (b)(7)(A); *Lion Raisins*, 354 F.3d at 1084–85. The Appellate court indicates that this court's task will be simple: "Because Lion requested specific documents, and the USDA identified the exemptions under which it withheld each document, the USDA need only explain, publicly and in detail, how releasing each of the withheld documents would interfere with the government's ongoing criminal investigation." *Id*. at 1084. The Ninth Circuit directed this Court's attention to *Lewis v. I.R.S.*, 823 F.2d 375, 378–79 (9th Cir. 1987), to illustrate the "public" showing which the USDA must make in order to shield the documents. *Id*. at 1084 n. 13. The government has now made its showing, turning over redacted copies of the AMS and OIG reports and explaining the redactions in language apparently borrowed from *Lewis*. Lion challenges the quality of the showing and the good faith of the United States

1

Attorney's Office, which has undertaken, belatedly the Ninth Circuit might conclude, the defense of this matter.  The Court has reviewed the record de novo.  Had the matter come to the Court in this form five or so years ago it would have found Ninth Circuit case law satisfied.  It is not five years ago, however, and the parties have been litigating in both the courts and administrative agencies during the intervening time.  The reports are quite old.  Thus there is something to Lion's argument that the government's delay in acting suggests that there is no ongoing criminal investigation and that the government's reluctance to turn over unredacted copies of the reports is simply to aid its position in the ongoing administrative proceedings which have progressed beyond the point that the government could shield the documents as part of a civil or administrative investigation.  While the law enforcement exception might shield civil as well as criminal investigations, the Ninth Circuit's remand directs the government to justify failure to release the documents by reference to the oft mentioned criminal investigation, and the status of the administrative proceedings would appear to justify considering only criminal investigations.  Rather than play ping pong with the Ninth Circuit over this case, the Court will accept Lion's suggestion and direct the government to provide unredacted copies of the two reports together with a detailed affidavit from someone responsible for the "criminal investigation" explaining how disclosure of the redacted materials would hinder that investigation.  The government shall submit the materials in camera **on or before Monday, September 12, 2005**.  If the government has in fact abandoned any intent to proceed criminally against Lion it should be forthright and disclose that fact.  A decision on the pending cross-motions for summary judgment will be entered shortly after the court reviews the materials submitted in camera.

    **IT IS SO ORDERED.**

    Dated at Anchorage, Alaska, this  3  day of August 2005.

                                                    /s/ James K. Singleton
                                           **JAMES K. SINGLETON, JR.**
                                           United States District Judge