IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | Case No. CV F-02-5064 JKS <br><br><br> O R D E R |

     Lion Raisins, Inc. ("Lion") sought materials from the United States Deptartment of Agriculture ("USDA") under the Freedom of Information Act ("FOIA").  The Court denied the requests, Docket No. 27, and Lion appealed.  On appeal the Ninth Circuit affirmed in part and reversed in part.  *See Lion Raisins, Inc. v. U.S. Dept. of Agric.*, 354 F.3d 1072 (9th Cir. 2004).  The Ninth Circuit remanded a single issue to this Court for further proceedings, namely whether the USDA may shield two investigatory reports termed by the parties the Agricultural Marketing Services Report ("AMS") and the Office of Inspector General Report ("OIG") under the law enforcement exception to the FOIA.  *See* 5 U.S.C. § 552(b)(4), (b)(7)(A); *Lion Raisins*, 354 F.3d at 1084–85.  The appellate court indicated that this Court's task would be simple:  "Because Lion requested specific documents, and the USDA identified the exemptions under which it withheld each document, the USDA need only explain, publicly and in detail, how releasing each of the withheld documents would interfere with the government's ongoing criminal investigation."  *Id*. at 1084.  The Ninth Circuit directed this Court's attention to *Lewis v. I.R.S.*, 823 F.2d 375, 378–79 (9th Cir. 1987), to illustrate the "public" showing which the USDA must make in order to shield the documents.  *Id*. at 1084 n. 13.  The government has now made its showing, turning over redacted copies of the AMS and OIG reports and explaining the redactions using language apparently borrowed from *Lewis*.  Lion challenges the quality of the showing and the good faith of the United

1

States Attorney's Office, which has undertaken, belatedly the Ninth Circuit might conclude, the defense of this matter.

The Court reviewed the record de novo. The age of the case and the absence of a decision by the United States whether or not to prosecute strengthened Lion's argument that the government's delay in acting suggested that there is no ongoing criminal investigation. The concern was that the government was reluctant to turn over unredacted copies of the reports in an effort to aid its position in the ongoing administrative proceedings, which have progressed beyond the point where the government could shield the documents as part of a civil or administrative investigation. While the law enforcement exception might shield civil as well as criminal investigations, the Ninth Circuit's remand directs the government to justify failure to release the documents by reference to the oft mentioned criminal investigation, and the status of the administrative proceedings would appear to justify considering only criminal investigations. The Court therefore accepted Lion's suggestion and directed the government to provide unredacted copies of the two reports together with a detailed affidavit from someone responsible for the "criminal investigation" explaining how disclosure of the redacted materials would hinder that investigation. Docket No. 68. The government was directed to submit the materials in camera on or before Monday, September 12, 2005. The order provided that if the government has in fact abandoned any intent to proceed criminally against Lion it should be forthright and disclose that fact. The government has timely complied with the order and has submitted copies of the original unredacted AMS and OIG. *See* Docket Nos. 69; 70. Having reviewed the expanded record, the Court concludes that the government has satisfied the mandate of the Ninth Circuit and justified withholding the redacted information. The government has established that reasonable men and women could not differ that disclosure of the withheld information could jeopardize an ongoing criminal investigation. The Court is satisfied that the criminal investigation is ongoing and that Lion recognizes that fact, as it appears that Lion is currently conducting settlement negotiations with the government regarding the criminal matter, and has stipulated to extend the criminal statute of limitations until December of 2005 to aid those negotiations and delay any decision to prosecute. The government is therfore entitled to judgment as a matter of law.

ORDER

**IT IS THEREFORE ORDERED:**

Judge Coyle's order at Docket No. 27 is reinstated. Plaintiff's renewed motion for summary judgment at **Docket No. 56** is **DENIED**. Defendant's counter motion for summary judgment at **Docket No. 59** is **GRANTED**.

Dated at Anchorage, Alaska, this  22  day of September  2005.

/s/ James Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge
